The Honorable Robert Lasnik

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

SAMATAR ABDI, an individual, and
AHMED HIRSI ABDIRAHMAN

           Plaintiffs,

     vs.

PROSPECT INTERNATIONAL AIRPORT
SERVICES CORPORATION, a foreign
corporation,

           Defendant.

Case No.  2:16-cv-372 RSL

**STIPULATED MOTION TO LIFT
STAY AND FOR CERTIFICATION
OF SETTLEMENT CLASS AND FOR
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

## I.     INTRODUCTION.

This is a putative class action for payment of wages claimed by employees of Prospect International Airport Services Corporation ("Prospect") under Proposition 1 and Section 7.45 of the City of SeaTac City Code.  In 2013, the voters of the City of SeaTac passed Proposition 1 that was subsequently enacted as Section 7.45 (the "Ordinance").  The Ordinance identifies certain employers as either Transportation Employers or Hospitality Employers and mandates a minimum wage ($15 in 2014 and, by operation of an escalator provision, $15.24 in 2015) for certain of their workers.  Prospect is alleged to be a Transportation Employer and the persons

1   who fall into the class are alleged to be Transportation Workers, defined as "any nonmanagerial,

2   nonsupervisory individual employed by a Transportation Employer."

3          In 2014, a group of plaintiffs,[1] not including Prospect, challenged the Ordinance in King

4   County Superior Court.  Subsequent appeals followed to both Division 1 and the state Supreme

5   Court.  At Division 1, the court resolved a challenge to the initiative process that confirmed the

6   validity of the initiative that the Supreme Court on September 4, 2014 declined to review; later

7   the Supreme Court stayed the review until final resolution of the case.[2]  The Supreme Court did

8   review the challenges to the Ordinance brought with respect to state and federal law (in the

9   latter case, primarily issues of federal preemption) and completely upheld the validity of the

10  Ordinance in its ruling of August 20, 2015.

11         Even though the Ordinance went into effect on January 1, 2014, a large number[3] of

12  employers alleged to be Transportation Employers and Hospitality Employers who were not

13  parties to the *Filo Foods* case continued to pay wages that were less than the mandated

14  minimum wage.  Many of these employers, including Prospect, continue to question the validity

15  of the Ordinance on issues of federal preemption arising under the National Labor Relations

16  Act, the Railway Labor Act, and the Airline Deregulation Act.

17         This action was originally filed in King County Superior Court on February 4, 2016.  A

18  First Amended Complaint adding one additional plaintiff was filed on February 9, 2016.

19  Prospect removed the case to federal court on March 11, 2016.  On March 30, 2016, the parties

---

[1] Filo Foods, LLC; BF Foods, LLC; Alaska Airlines, Inc.; and The Washington Restaurant Association.
[2] This challenge to the initiative addressed the constitutionality of a state statute that required the striking of all initiative signatures of a person who had signed multiple times, as opposed to merely striking all signatures after the first one.  Division 1 held it to be unconstitutional not to count the first signature and later in 2014 the legislature amended that section of the RCW consistent with Division 1's holding.
[3] The plaintiffs' firms have now commenced 22 class action lawsuits to enforce the Ordinance of which 20 remain active and are aware of three unrelated (other than by subject matter) suits brought by other firms.

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

filed a stipulated motion for a stay in order to pursue settlement options, which the Court granted.  A key factor prompting the parties to engage in early mediation was a class action waiver that all of the putative class members entered into prior to the commencement of the litigation as a condition of their employment.

The parties engaged in mediation with attorney Louis D. Peterson on June 8, 2016. After a full day of negotiations, the parties reached the Conditional Settlement Agreement that is the basis for this motion.  The Conditional Settlement Agreement ("Settlement Agreement") is attached hereto as Exhibit 1.

The settlement establishes a $1,980,000 fund, which Plaintiffs' counsel calculates to represent slightly more than 100% of the difference between wages paid to the putative class and the minimum wage set by the Ordinance during the class period (January 1, 2014 to February 14, 2016).  The class size, according to Prospect's employment records, consists of 291 claimants (past and current employees).  The average recovery (before allocation of attorneys' fees, costs, and an award to class reps) is $6,804.12 per class member.  The range between the lowest and highest recovery will be determined by the relative number of hours worked by particular class members.  As an additional benefit to the class, all costs of administration will be borne by Prospect and not the class.  If there are more than 30 workers who opt out of the settlement, Prospect shall have the option to renegotiate the terms of settlement.

For these reasons and those that follow, the Parties respectfully request the Court: (1) lift the stay currently imposed by stipulation; (2) grant preliminary approval of the settlement; (3) provisionally certify the proposed class; (4) appoint as class counsel Badgley Mullins Turner PLLC and The Law Office of Daniel R. Whitmore, P.S. as class counsel; (5)

Stipulated Motion to Lift Stay, Certify Class, and Preliminarily
Approve Class Action Settlement - 3
2:16-cv-00262

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

appoint Samatar Abdi and Ahmed Hirsi Abdirahman as class representatives; (6) approve

the proposed notice plan; (7) appoint Simpluris, Inc. to serve as claims administrator; and

(8) schedule the final fairness hearing and related dates.

## II.    STATEMENT OF FACTS.

### A.    Plaintiff and Their Counsel Thoroughly Investigated the Class Claims.

Plaintiffs' counsel are lead counsel on 22 of the currently 25 known class action suits

seeking to enforce the SeaTac minimum wage ordinance.  Counsel began investigating the

incidence of employers paying (or not paying) the minimum wage in August of 2015 when the

Washington Supreme Court issued its decision in the *Filo Foods* case.  Numerous inquiries

from potential class members and leaders in the community led counsel to evaluate the viability

of the claims, the strengths of the arguments for and against the enforceability of the Ordinance,

and issues relating to the utility and viability of resolution of these claims through class action

litigation.  Counsel continued to field inquiries from employees throughout the remainder of

2015, expecting that employers would, either at the end of the next pay period or by the end of

the year, remit to the employees the unpaid wages.  When that did not occur, Counsel

commenced litigation against a number of employers, including Prospect.  Declaration of

Duncan C. Turner in Support of Motion for Class Certification and for Preliminary Approval of

Class Action Settlement ("Turner Decl.") ¶ 15.

The Prospect case is rare[4] among the other known actions seeking to enforce the

Ordinance in that its employees entered into agreements that waived their right to participate in

---

[4] One other case before this court, *Ali v. Menzies Aviation, Inc.* involves a waiver of class actions and an arbitration agreement.  It is also the subject of a stay to permit settlement negotiations.

class actions. This was disclosed to plaintiffs' counsel by Prospect after commencement of the action and led to the stay that currently is in place. Turner Decl. ¶ 3.

One aspect of evaluating and investigating this case is consideration of the alternative of the class members pursuing individual actions. *Id.* ¶3. A primary consideration was whether a substantial portion of the class would actually pursue their claims, and certain demographic factors of the class suggested that this was unlikely. For those who did pursue their claims, the process would likely be highly inefficient. For a large number of individual lawyers to research, brief, and oppose the complex preemption defense in individual proceedings, plaintiffs' counsel estimates that over 100 hours would be required. Even for counsel that understands and have briefed the common legal issues, mounting and presenting each arbitration would require an estimated 45 to 50 hours of attorney and paralegal time. On the other side, the defense costs would likely be commensurate. Both sides recognize the inefficiency that this would present in the instant case. *Id.* ¶ 4.

To determine the size of the class members, the burden of identifying the members, and the calculation of their aggregate damages, the plaintiffs sought and Prospect provided the relevant payroll records from which can be derived the identity of class members, the number of hours worked, and various rates (straight time, overtime, holiday, etc.) at which they were actually paid. From this data, plaintiffs' counsel developed a damages model to reflect the amounts counsel believes would have been paid to each employee at the base rate required by the Ordinance and the aggregate value of damages of the class, which Plaintiffs' counsel calculate to total $1,978,735.34. *Id.* ¶ 6.

Stipulated Motion to Lift Stay, Certify Class, and Preliminarily
Approve Class Action Settlement - 5
2:16-cv-00262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

**B.   Terms of the Proposed Settlement.**

The terms of the parties' proposed settlement are contained within the Settlement Agreement.  For purposes of preliminary approval, the following summarizes the Settlement Agreement's terms:

### 1.   The Settlement Class.

The proposed Settlement Class is comprised of:

> All employees of the Defendant who are alleged to have been either Hospitality Workers or Transportation Workers and who worked one or more hours within the City of SeaTac at any time during the time period from January 1, 2014, to February 14, 2016, and who were paid less than the prevailing minimum wage prescribed by City of SeaTac Ordinance 7.45.050, i.e., a base rate of $15.00 per hour in 2014 and $15.24 in 2015 and 2016.

Prospect' employment records confirm that there are 291 members of the Settlement Class.

### 2.   The Settlement Relief.

The Settlement Agreement requires Prospect to pay $1,980,000 as consideration for the settlement (the "Settlement Fund").  Settlement Agreement § 2.1.  Class counsel will determine each class member's share of the Settlement Fund to be derived as a percentage of their unpaid wages as a percentage of the unpaid wages of the entire class. *Id.*   Awards will then be made on a *pro rata* basis after deducting from the Fund those Settlement Costs not borne by Prospect which will consist of:  (1) any award of attorneys' fees and costs approved by the Court; and (2) and any incentive awards to Plaintiffs approved by the Court.  The settlement is conditioned upon no more than 30 employees opting out of the settlement.  Upon the filing of the 31st opt out notice, Prospect shall have 10 days to declare the settlement agreement void or to reopen

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

negotiations.  *Id*. §3.5.  In consideration for the settlement payment, the members of the Class will be providing Prospect with "a full and complete release of any and all claims, known or unknown, asserted or unasserted, arising under any provisions of Chap. 7.45 et seq. of the City of SeaTac Municipal Code …, the Washington Minimum Wage Act, and the Fair Labor Standards Act."  *Id*. §3.2.

### a.  Plaintiffs' Service Awards.

Plaintiffs will ask the Court to approve incentive awards that do not exceed $2,000 each ($4,000 total), to be paid out of the Settlement Fund.  This award will compensate Plaintiffs for their time and effort serving as class representatives and for the risks they undertook in prosecuting the case.

### b.  Attorneys' Fees and Litigation Expenses.

Plaintiffs' counsel will request an award of attorneys' fees amounting to no more than 10% of the Settlement Fund ($198,000) to compensate and reimburse them for work already performed on the case and all of the work remaining to be performed in connection with the settlement.  Plaintiffs' counsel will also seek reimbursement for out of pocket costs which amount to $3,000 or less.  The enforceability of the settlement is not contingent on the Court's approval of an award of attorneys' fees and costs in the amounts sought by plaintiffs' counsel.

### c.  Administrative Costs.

In addition to the settlement payments, the Settlement Class has been relieved of the costs of administering distribution of the Settlement Fund which, by agreement, will be borne by Prospect.  *Id. § 3.3.*  Prospect will contract directly with the Settlement Administrator and plaintiffs' counsel will direct and oversee the process of notice to the class, manage opt-outs,

Stipulated Motion to Lift Stay, Certify Class, and Preliminarily
Approve Class Action Settlement - 7
2:16-cv-00262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

and direct and oversee the distribution of the payments to the class members.  *Id.*  Subject to the

Court's approval, Prospect has selected Simpluris, Inc. as Settlement Administrator.  After

review of Simpluris, Inc.'s qualifications, Plaintiffs' counsel concurs.  *See* Turner Decl. ¶ 17.

### d.  Settlement Payments.

The remainder of the Settlement Fund, approximately $1,775,000 will be distributed

proportionally (based on unpaid wage amounts) to all Settlement Class Members who choose

not to opt out of the class action.  Assuming the Court grants the requested attorneys' fees and

litigation expenses, the plaintiffs estimate that the average recovery by a Settlement Class

Member will be $6,099.  The plaintiffs expect to have a high percentage of responses to the

class notice because Prospect's records include all of the relevant data typically found in an

employee's personnel file, including name, social security number, current or last known

address, etc.  Turner Decl. ¶ 18.  The process for payment and potential reversion is as follows:

1) upon final approval of the settlement, the administrator will prepare checks for each

Settlement Class Member in an amount proportional to his or her unpaid wages; 2) these checks

shall be distributed to the responding Settlement Class Members; 3) the validity of the checks

shall expire 180 days after issuance; 4) after the 180 day expiration period, any Settlement Class

Members who have not claimed their checks may, within an additional 90 days, contact the

Administrator to obtain a reissued check.  All funds not claimed within the stated 270 day

period shall revert to Prospect.  Settlement Agreement § 3.4.

### 3.  The Notice Program.

In conjunction with preliminary approval, Plaintiffs respectfully ask the Court to

approve a notice and claims program in which the Claims Administrator will (1) send individual

Stipulated Motion to Lift Stay, Certify Class, and Preliminarily
Approve Class Action Settlement - 8
2:16-cv-00262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

notice of the settlement by direct mail to all members of the Settlement Class; and (2) process and track claims.  The Claims Administrator also will prepare and serve a timely Class Action Fairness Act notice.  The proposed Notice of Class Action Settlement, etc. is attached hereto as Exhibit 2.

## III.   AUTHORITY AND ARGUMENT.

### A.     The Settlement Approval Process.

As a matter of "express public policy," federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain.  *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"); *see also* William B. Rubenstein, *Newberg on Class Actions* ("Newberg") § 13.1 (5th ed. updated 2015) (citing cases).  Here, the proposed settlement is the best vehicle for Settlement Class Members to receive the relief to which they may be entitled in a prompt and efficient manner.

The Manual for Complex Litigation describes a three-step procedure for approval of class action settlements: (1) preliminary approval of the proposed settlement; (2) dissemination of notice of the settlement to all affected class members; and (3) a "fairness hearing" or "final approval hearing," at which class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.  *Manual for Complex Litigation (Fourth)* ("MCL 4th") §§ 21.632 – 21.634, at

Stipulated Motion to Lift Stay, Certify Class, and Preliminarily
Approve Class Action Settlement - 9
2:16-cv-00262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

432–34 (2014).  This procedure safeguards class members' due process rights and enables the court to fulfill its role as the guardian of class interests.  *See* Newberg § 13.1.

With this motion, the Parties request that the Court take the first step in the settlement approval process by granting preliminary approval of the proposed Settlement Agreement.  The purpose of preliminary evaluation of proposed class action settlements is to determine whether the settlement "is within the range of possible approval" and thus whether notice to the class of the settlement's terms and the scheduling of a formal fairness hearing is worthwhile.  Newberg § 13.13.  The decision to approve or reject a proposed settlement is committed to the Court's sound discretion.  *See City of Seattle*, 955 F.2d at 1276 (in context of class action settlement, appellate court cannot "substitute [its] notions of fairness for those of the [trial] judge and the parties to the agreement," and will reverse only upon strong showing of abuse of discretion) (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 626 (9th Cir. 1982)).The Court's grant of preliminary approval will allow the Settlement Class to receive direct notice of the proposed Settlement Agreement's terms and the date and time of the Final Approval Hearing, at which Settlement Class Members may be heard regarding the Settlement Agreement, and at which time further evidence and argument concerning the settlement's fairness, adequacy, and reasonableness may be presented.  *See* MCL 4th § 21.634.

### B.    The Criteria for Settlement Approval Are Satisfied.

The Ninth Circuit puts "a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."  *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).  To assess a settlement proposal, courts must balance the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining

Stipulated Motion to Lift Stay, Certify Class, and Preliminarily
Approve Class Action Settlement - 10
2:16-cv-00262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the state of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement. *In re Online DVD-Rental Antitrust Litig.* ("*In re Online DVD*"), 779 F.3d 934, 944 (9th Cir. 2015).

### 1. The Settlement Agreement is the Product of Serious, Informed, and Non-collusive Negotiations.

The Court's role is to ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (internal quotes and citations omitted); *see also In re Online DVD*, 779 F.3d at 944 (noting settlements in class actions "present unique due process concerns for absent class members," including the risk that class counsel "may collude with the defendants") (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2010)).

The Settlement Agreement is the result of intensive, arm's-length negotiations between experienced attorneys for both parties who are competent practitioners in class action litigation in general and with the legal and factual issues of this case in particular. (Turner Decl. ¶¶ 10-16.) Plaintiffs' counsel are particularly experienced in the issues surrounding the Ordinance and cases similar to this case. (*See generally id.*) The Settlement Agreement was the result of a full-day, in-person mediation on June 8, 2016, with mediator Louis D. Peterson. *Id.* ¶ 7.

### 2. The Settlement Provides Substantial Relief to the Settlement Class and Treats All Settlement Class Members Fairly.

The Settlement Agreement requires Prospect to allocate $ 1.98 million as a Settlement Fund and all Class members will have the opportunity to make a claim on the Settlement Fund

Stipulated Motion to Lift Stay, Certify Class, and Preliminarily
Approve Class Action Settlement - 11
2:16-cv-00262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

for their proportionate share based on their individually-determined unpaid wages.  The

Settlement Fund will be used to pay attorneys' fees and costs, but not the costs of

administration, which will be borne fully by Prospect.  Although the Settlement Fund is

reversionary, the known identities and contact information of the Settlement Class Members

should ensure a very high response rate to the Settlement Notice.  While the relief obtained is

very substantial in view of the amount of the claim, there are substantial barriers to wide-scale

recovery presented by the class action waivers, a factor which also enhances the propriety of

any reversion in this particular matter.  Also, the risk of challenges to the Ordinance by Prospect

and the delay in payment to the Class that would result from likely appeals by either side if the

case were tried in the court are key considerations.

### 3.   The Settlement Agreement is Fair and Reasonable In Light of the Alleged Claims and Defenses.

The Complaint asserts claims for all unpaid wages under the Ordinance plus interest,

attorneys' fees, and costs.  The Complaint also seeks payment of double damages under RCW

49.52.070.  Although this case was stayed before Prospect was required to file its Answer,

Prospect did advise Plaintiffs of its rights under the class action waivers and of its intention, if

necessary, to assert challenges to the Ordinance based on the National Labor Relations Act, the

Railway Labor Act, and the Airline Deregulation Act.  These issues were hotly contested in the

*Filo Foods* case, and the outcome favored the interests of the affected employees, but no federal

court has subsequently addressed these same issues.  Any one of these challenges, if successful,

could result in dismissal of all of the Settlement Class Members' claims and, potentially, the

claims of others in the many similar class actions pending in the Western District and in King

County Superior Court.  Additionally, Prospect has asserted a defense to double damages,

Stipulated Motion to Lift Stay, Certify Class, and Preliminarily
Approve Class Action Settlement - 12
2:16-cv-00262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

claiming that a *bona fide* dispute as to its obligation to pay the minimum wage under the Ordinance exists until the federal challenges have been adjudicated by a federal court.

The state of the law with respect to class action waivers, even in consumer contracts and contracts of adhesion, runs in favor of their enforcement. *See Coneff v. AT&T Corp*. 673 F.3d 1155 (2012) (unconscionability analysis impliedly overruling *Scott v. Cingular Wireless*, 160 Wash.2d 843, 161 P.3d 1000 (2007)). This rules out any class action or even class settlement without the consent of the parties, which Prospect could and likely would withhold absent approval of the settlement. This would greatly diminish the recovery of any class action, but perhaps more so in the instant case. As a group, the Settlement Class is relatively unsophisticated in legal matters. Many of them are recent immigrants with limited command of the English language and little or no experience with (or comprehension of) the workings of the U.S. legal system. Plaintiffs' counsel believes that, absent a class-wide settlement, many of the potential Settlement Class Members would go uncompensated due to their inability to effectively pursue individual claims. Turner Decl. ¶ 5.

**4.  Continued Litigation Is Likely to Be Complex, Lengthy, and Expensive.**

As noted above, continued litigation in this case means up to 291 individual cases being filed and pursued through the courts. The amount of redundant attorney time and expenses would be substantial. The likelihood of inconsistent outcomes would be high. In the event of settlements in the individual cases, the claimants, after attorneys' fees and costs, would likely receive as little as 50 cents on the dollar. Many of the smaller claims (*e.g.,* those of workers who were Prospect employees a relatively short time) would likely not be pursued at all. By contrast, every Settlement Class Members under the proposed settlement stand to recovery approximately 90% of their alleged unpaid wages.

Stipulated Motion to Lift Stay, Certify Class, and Preliminarily
Approve Class Action Settlement - 13
2:16-cv-00262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

### 5. The Stage of the Litigation and State of the Evidence Adduced Supports Preliminary Approval.

As to the "stage of the litigation," a global settlement can only occur now.  Otherwise, the litigation will be directed toward individual actions with the predictable results described above.  The state of the evidence could not be improved by further discovery.  The parties both possess the empirical records indicating employee identification number, hours worked, rate of pay (both straight and overtime), and dates of payment.  Nothing further is required to compute each class member's maximum claim.

### C. Plaintiffs' Requested Fees Are Reasonable.

Plaintiffs' counsel will seek an award of no more than 10% of the Settlement Fund to compensate them for reasonable fees, as well as reimbursement for out-of-pocket costs they have incurred prosecuting this action, which will be no more than $3,000.  The maximum amount of fees and costs that Plaintiffs' counsel will request is $201,000.

The Ninth Circuit has approved two methods for calculating attorneys' fees depending on the circumstances: the lodestar method and the percentage-of-recovery method.  Under the lodestar method, the prevailing attorneys are awarded an amount calculated by multiplying the hours they reasonably expended on the litigation by their reasonable hourly rates.  *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003).  "Under the percentage-of-recovery method, the attorneys' fees equal some percentage of the common settlement fund; in this circuit, the benchmark percentage is 25%."  *In re Online DVD*, 779 F.3d at 949.  Regardless of the method, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable."  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).

Under the percentage-of-recovery method, Plaintiffs' counsel's maximum fee request is reasonable.  Plaintiffs' counsel will request no more than 10 percent, far less than the Ninth

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

1  Circuit's 25% benchmark.  Plaintiffs' Counsel have achieved an excellent result for the

2  Settlement Class.  The settlement creates a Settlement Fund of $1.98 million.  The majority of

3  the Settlement Fund will be distributed as monetary awards to Settlement Class Members.

4  Plaintiffs' counsel were confident in their ability to succeed at class certification and at trial.

5  Nevertheless, success was by no means guaranteed, especially considering Prospect's vigorous

6  opposition and the complexity of the issues involved.  Because Plaintiffs' counsel agreed to

7  prosecute this case on contingency with no guarantee of ever being paid, they faced substantial

8  risk if they proceeded to trial.

9      Prior to final approval, Plaintiffs' counsel will file a separate motion for an award of

10  attorneys' fees and costs, addressing in greater detail the facts and law supporting their fee

11  request in light of all of the relevant facts.

12      **D.    The Requested Incentive Award Is Reasonable.**

13      "[I]ncentive awards that are intended to compensate class representatives for work

14  undertaken on behalf of a class 'are fairly typical in class action cases.'"  *In re Online DVD*,

15  779 F.3d at 943 (quoting *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir.

16  2009)).  Incentive awards are generally approved so long as the awards are reasonable and do

17  not undermine the adequacy of the class representatives.  *See Radcliffe v. Experian Info.*

18  *Solutions*, 715 F.3d 1157, 1164 (9th Cir. 2013) (finding incentive award must not "corrupt

19  the settlement by undermining the adequacy of the class representatives and class counsel").

20  For example, if a settlement explicitly conditions an incentive award on the class

21  representative's support for the settlement, the incentive award is improper.  *See id.*  By

22  contrast, where a settlement "provide[s] no guarantee that the class representatives would

23  receive incentive payments, leaving that decision to later discretion of the district court," an

Stipulated Motion to Lift Stay, Certify Class, and Preliminarily
Approve Class Action Settlement - 15
2:16-cv-00262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

incentive award may be appropriate." *In re Online DVD*, 779 F.3d at 943 (approving $5,000 incentive award to class representatives and distinguishing *Radcliffe*).

Here, Plaintiffs request incentive awards not to exceed $2,000 each ($4,000 total) or an amount the Court deems appropriate.  The requested $4,000 award is .20 percent of the Settlement Fund.  Plaintiffs' support of the settlement is independent of any service award and not conditioned on the Court awarding any particular amount or any award at all, in stark contrast to *Radcliffe*.  Thus, Plaintiffs' adequacy as class representatives is unaffected by appropriate incentive awards that recognize their efforts and contributions to the case.

Although Plaintiffs were not deposed, their contributions were substantial.  As low wage workers, they feel (rightly or not) vulnerable to retaliation or other adverse consequences that an employer might bring against a named plaintiff.  Despite these misgivings, these workers willingly undertook to represent 289 of their fellow workers.  Turner Decl. ¶ 18.  They are deserving of an incentive award.

### E.    The Proposed Notice Program is Constitutionally Sound.

Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement.  Fed. R. Civ. P. 23(e)(1); *see also* MCL 4th § 21.312.  The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  According to the Manual for Complex Litigation, a settlement notice should do the following:

- Define the class;
- Describe clearly the options open to the class members and the deadlines for taking action;
- Describe the essential terms of the proposed settlement;

Stipulated Motion to Lift Stay, Certify Class, and Preliminarily
Approve Class Action Settlement - 16
2:16-cv-00262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

- Disclose any special benefits provided to the class representatives;
- Indicate the time and place of the hearing to consider approval of the settlement, and the method for objecting to or opting out of the settlement;
- Explain the procedures for allocating and distributing settlement funds, and, if the settlement provides different kinds of relief for different categories of class members, clearly set out those variations;
- Provide information that will enable class members to calculate or at least estimate their individual recoveries; and
- Prominently display the address and phone number of class counsel and the procedures for making inquiries.

The proposed form of notice, attached as Exhibit 2 hereto ("Notice"), satisfies all of the above criteria. The Notice is clear, straightforward, and provides persons in the Settlement Class with enough information to evaluate whether to participate in the settlement. Thus, the Notice satisfies the requirements of Rule 23. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 808 (1985)) (explaining a settlement notice must provide settlement class members with an opportunity to present their objections to the settlement).

The parties envision direct notice to current or last-known address via U.S. Mail to members of the Settlement Class. This Notice Program satisfies due process especially because Rule 23 does not require that each potential class member receive actual notice of the class action. *Mullane*, 339 U.S. at 316 (explaining that the Supreme Court "has not hesitated to approve of resort to publication as a customary substitute in [a] class of cases where it is not reasonably possible or practicable to give more adequate warning").

All in all, the Notice Program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23.

### F.    Provisional Certification of the Class is Appropriate.

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

1    For settlement purposes only, Plaintiffs respectfully request that the Court

2    provisionally certify the Settlement Class defined[5] as:

3         All employees of the Defendant who are alleged to have been either
      Hospitality Workers or Transportation Workers and who worked one or
4         more hours within the City of SeaTac at any time during the time period
      from January 1, 2014, to February 14, 2016, and who were paid less than
5         the prevailing minimum wage prescribed by City of SeaTac Ordinance
      7.45.050, i.e., a base rate of $15.00 per hour in 2014 and $15.24 in 2015
6         and 2016.

7

8    As detailed below, the Settlement Class satisfies all of the applicable certification

9    requirements.

10        **1.  The Rule 23(a) Factors Are Met.**

11

12            **a.  Numerosity.**

13    **"**The prerequisite of numerosity is discharged if 'the class is so large that joinder of all

14    members is impracticable.'"  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)

15    (quoting Fed. R. Civ. P. 23(a)(1)).  Here, the Settlement Class consists of an estimated 291

16    persons.  The large number of persons in the Settlement Class renders joinder impracticable.

17    *See McCluskey v. Trs. of Red Dot Corp. Emp. Stock Ownership Plan & Trust*, 268 F.R.D. 670,

18    674 (W.D. Wash. 2010).

19            **b.  Commonality.**

20        The commonality requirement of Rule 23(a)(2) is satisfied because the questions of law

21    common to the Settlement Class are, in fact, identical, and the questions of fact address merely

22    each individual worker's claim, and the answers to these questions are all derived from a

23

24

---

25    [5] The parties believe that all members of the potential class are properly alleged to be "transportation workers."
The inclusion of "hospitality workers" in the class definition eliminates any disputes about a worker's inclusion in
26    the Settlement Class.

common data base.  Because persons in the Settlement Class here all allegedly suffered the same injury and are generally subject to the same defenses, commonality is satisfied.

### c.   Typicality.

"[R]epresentative claims are typical if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."  *Hanlon*, 150 F.3d at 1020.  "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought."  *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).  Here, the representatives are all alleged to be Transportation Workers making less than the minimum wage dictated by the Ordinance.  None of them is asserting claims and none is subject to defenses that are not the same as those of the remaining Class members.  Because Plaintiffs' claims arise from the same course of conduct that affected all Class members, typicality is satisfied.

### d.   Adequacy.

Adequacy requires the representative of a class to provide fair and adequate representation of the class. Fed. R. Civ. P. 23(a)(4).  "To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (quoting *Hanlon*, 150 F.3d at 1020).  In the context of a class settlement, examination of potential conflicts of interest "is especially critical."  *In re Online DVD*, 779 F.3d at 942 (internal marks and quotation omitted).  That said, courts will not deny class certification on the basis of "speculative" or "trivial"

Stipulated Motion to Lift Stay, Certify Class, and Preliminarily
Approve Class Action Settlement - 19
2:16-cv-00262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

conflicts.  *See id.* (finding settlement class representatives adequate and overruling objection that proposed $5,000 incentive award created a conflict of interest).

Plaintiffs have no interests that are antagonistic to or in conflict with persons in the Settlement Class they seek to represent and have a substantial interest in the outcome of this action, because they all allegedly suffered the same underpayment of wages that all persons in the Settlement Class allegedly suffered.  Class Counsel are active practitioners with substantial experience in employment law and class action litigation, including cases very similar to this one.  (*See* Turner Decl. ¶¶ 10-16.)  The requirements of Rule 23(a) are satisfied.

### 2.    The Rule 32(b)(3) Factors Are Satisfied.

Rule 23(b)(3)'s predominance requirement tests whether proposed classes are "sufficiently cohesive to warrant adjudication by representation."  *Hanlon*, 150 F.3d at 1022 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997)).  The predominance inquiry measures the relative weight of the common questions.  *Amchem*, 521 U.S. at 624.  Common issues predominate here because the central liability question in this case, whether Prospect is liable for non-payment of the SeaTac minimum wage, is the only issue, and it applies equally to all class members.

Because the claims are being certified for purposes of settlement, there are no issues with manageability.  *Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only certification, a district court need not inquire whether the case, if tried, would present intractable management problems ... for the proposal is that there be no trial.").  Additionally, resolution of hundreds of claims in one action is far superior to individual lawsuits and promotes consistency and efficiency of adjudication.  *See id.* at 617 (noting the "policy at the very core of the class action mechanism is to overcome the problem that small recoveries do

Stipulated Motion to Lift Stay, Certify Class, and Preliminarily Approve Class Action Settlement - 20
2:16-cv-00262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

not provide the incentive for any individual to bring a solo action prosecuting his or her rights"). Certification for purposes of settlement is appropriate.

### G.    Scheduling a Final Approval Hearing Is Appropriate.

The last step in the settlement approval process is a final approval hearing at which the Court may hear all evidence and argument necessary to make its settlement evaluation. Proponents of the settlement may explain the terms and conditions of the Settlement Agreement, and offer argument in support of final approval.  The Court will determine after the final approval hearing whether the settlement should be approved, and whether to enter a final order and judgment under Rule 23(e).  Plaintiffs request that the Court set a date for a hearing on final approval at the Court's convenience, but no earlier than 100 days after entry of an order preliminarily approving the settlement and 30 days after the objection/exclusion deadline, and schedule further settlement proceedings pursuant to the schedule set forth below:

| ACTION | DATE |
|---|---|
| Preliminary Approval Order Entered | At the Court's Discretion |
| Notice Deadline | Within 30 days following entry of Preliminary Approval Order |
| Class Counsel's Fee Motion Submitted | Within 60 days following entry of Preliminary Approval Order |
| Exclusion/Objection Deadline | 60 days after Notice Deadline |
| Deadline to Submit Claims | 60 days after Notice Deadline |
| Final Approval Brief and Response to Objections Due | Within 85 days after Notice Deadline |

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

| Final Approval Hearing / Noting Date | No earlier than 100 after the Preliminary Approval Order is Entered |
|---|---|
| Final Approval Order Entered | At the Court's Discretion |

## IV.   CONCLUSION.

For the foregoing reasons, the Parties respectfully request that the Court: (1) lift the stay currently imposed by stipulation; (2) grant preliminary approval of the settlement; (3) provisionally certify the proposed class; (4) appoint  Badgley Mullins Turner PLLC and The Law Office of Daniel R. Whitmore, P.S. as class counsel; (5) appoint Samatar Abdi and Ahmed Hirsi Abdirahman as class representatives; (6) approve the proposed notice plan; (7) appoint Simpluris, Inc. to serve as claims administrator; and (8) schedule the final fairness hearing and related dates.

DATED this 15th day of August, 2016.

BADGLEY MULLINS TURNER PLLC

*/s/ Duncan C. Turner*
Duncan C. Turner, WSBA # 20597
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone:  (206) 621-6566
Facsimile:  (206) 621-9686
Email:  duncanturner@badgleymullins.com
**Attorney for Plaintiff**

LAW OFFICE OF DANIEL R. WHITMORE

/s/Daniel R. Whitmore
Daniel R. Whitmore, WSBA No. 24012
2626 15th Avenue West, Suite 200
Seattle, WA 98119
Telephone: (206) 329-8400

Stipulated Motion to Lift Stay, Certify Class, and Preliminarily
Approve Class Action Settlement - 22
2:16-cv-00262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Facsimile: (206) 329-84001
Email: dan@whitmorelawfirm.com
**Attorney for Plaintiffs**

SEBRIS BUSTO JAMES

/s/Jeffrey A. James
Jeffrey A. James, WSBA #18277
jaj@sebrisbusto.com
Darren A. Fielder, WSBA #22430
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: 425-454-4233 / Fax: 425-453-9005

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

# EXHIBIT 1

# CONDITIONAL SETTLEMENT AGREEMENT

This Conditional Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiffs Samatar Abdi and Ahmed Hirsi Abdirahman all similarly situated individuals, together with their heirs, agents, legal representatives, successors, and assigns (hereinafter, "EMPLOYEES") through their undersigned counsel, and (b) Prospect International Airport Services Corp. ("Prospect") together with its predecessors, successors, affiliates, subsidiaries, parent companies, insurers, subcontractors, contractors, shareholders, employees, former employees and any other related entities (hereinafter, "EMPLOYER"), collectively referred to below as "the Parties."

The parties have entered into this agreement to resolve and settle the matter of *Samatar Abdi and Ahmed Hirsi Abdirahman v. Prospect International Airport Services Corp.* pending in the United States District Court for the Western District of Washington, Seattle Division and assigned court file number 2:16-cv-372-RSL (hereinafter the "Lawsuit"). This Agreement is binding and effective once it is fully executed <u>and</u> the form of the Agreement is approved by the Court. The rights and obligations set forth in this document are for the purpose of conclusively resolving and settling all matters of fact and things in controversy between EMPLOYER and EMPLOYEES arising under any provision of Chap. 7.45 *et seq.* of the City of SeaTac Municipal Code (the "Ordinance"), the Washington Minimum Wage Act, and the Fair Labor Standards Act

## ARTICLE I – Facts

EMPLOYER and EMPLOYEES (the "Parties") stipulate to certain facts that relate to disputed claims and controversies between them as follows:

<u>Section 1.1</u>:   EMPLOYEES consist of persons who worked for EMPLOYER at SeaTac International Airport ("STIA") during period January 1, 2014 to February 7, 2016.

<u>Section 1.2</u>:   EMPLOYER denies any and all alleged violations of law, and any and all liability for the claims of EMPLOYEES alleged in the Lawsuit or otherwise.

<u>Section 1.3</u>:   The terms of this Agreement are the product of negotiations between the parties hereto, and the parties stipulate that the consideration given to support the obligations of this Agreement is the full consideration agreed to, and that neither has received any other promises, inducements, or concessions in support of the duties imposed.

<u>Section 1.4</u>:   EMPLOYER and EMPLOYEES stipulate and agree that entry into this Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an admission of any violation of law or contract or any other legal obligation whatsoever. This Agreement is entered into by EMPLOYER and EMPLOYEES solely to avoid the expenses and uncertainties of litigation, and represents the compromise of disputed and contingent claims.

<u>Section 1.5</u>:   For purposes of this Agreement, EMPLOYER conditionally stipulates to certification of a class consisting of EMPLOYEES and to hold in abeyance any motions to

compel or dismiss on the basis of any waiver agreement.  EMPLOYER reserves the right to bring such motions in the event that the Court does not approve, either preliminarily or finally, this Conditional Settlement Agreement.

## ARTICLE II – Consideration

**Section 2.1:**   The total consideration offered by EMPLOYER to EMPLOYEES, in full and final settlement of all claims is One Million, Nine Hundred Eighty Thousand Dollars and($1,980,000) ("Conditional Settlement Payment"), inclusive of any interest, taxes, contributions, attorney fees, damages or costs.  The Conditional Settlement Payment shall be subject to allocation as directed by EMPLOYEES' counsel.

## ARTICLE III – Terms of Settlement

**Section 3.1:**   EMPLOYEES' counsel shall prepare formal documents to effectuate the settlement and dismissal of this matter, subject to Court approval.  EMPLOYEES and EMPLOYER agree to present the settlement terms to the Court by stipulation.  Settlement documents shall provide for a full and complete release of any and all claims, known or unknown, asserted or unasserted, arising under Chapter 7.45, *et seq.*, of the City of SeaTac Municipal Code, the City's minimum wage ordinance ("the Ordinance"), the Washington Minimum Wage Act, and the Fair Labor Standards Act.  EMPLOYEES' entry into this settlement is conditional upon consent of the two Plaintiffs.

**Section 3.2:**  Settlement funds shall be distributed by a third-party Administrator selected by EMPLOYER.  The Administrator's fees shall be paid by EMPLOYER and are in addition to the Conditional Settlement Payment.

**Section 3.3:**  The parties shall use their best efforts to provide notice to all EMPLOYEES eligible to participate in the settlement.  Payments shall be made by the Administrator by check in an amount determined by EMPLOYEES' counsel based on allocation of the Conditional Settlement Payment and data provided by EMPLOYER.  Checks prepared by the Administrator shall expire automatically 180 days after issuance.  EMPLOYEES who have not claimed their checks prior to expiration shall have an additional 90 days to contact the Administrator to obtain a re-issued check.  All funds not claimed within 270 days of the issuance of the first check by the Administrator shall revert to EMPLOYER.

**Section 3.4:**   Settlement shall be contingent on no more than 30 EMPLOYEES opting out of the settlement.  Upon the filing of the ~~30th~~ 31st opt out notice, EMPLOYER, at its sole discretion, shall have 10 days to declare the settlement agreement void or to reopen negotiations

## ARTICLE IV – Miscellaneous

**Section 4.1:**   Counsel for the Parties shall agree on a list of talking points that can be used when communicating with the public and EMPLOYEES.  The Parties agree that it shall be a material breach of this Agreement for counsel to deviate materially from the agreed-upon

talking points, and authorize the mediator, Lou Peterson, to impose appropriate sanctions in such event.

Section 4.2:   This document contains the entire conditional agreement between the Parties hereto, and supersedes any and all prior agreements or understandings, written or oral, as to the matters covered.   No modifications or amendments to any of the terms, conditions, or provisions hereof may be enforced unless evidenced by a subsequent written agreement executed by all Parties hereto.

Section 4.3:   The laws of the State of Washington shall govern the validity, construction, and enforcement of this Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the dates set forth in the acknowledgments shown below.

**On Behalf of EMPLOYEES**

Duncan Turner, Esq.
Attorney for Plaintiffs

Daniel R. Whitmore, Esq.
Attorney for Plaintiffs

**Prospect International Airport Services Corp.**

By: _____
Suzanne Mucklow
Date:  June 8, 2016
Title:  In-House Counsel

---

CONDITIONAL SETTLEMENT AGREEMENT                                         PAGE 3

# EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| SAMATAR ABDI, an individual, and | ) | No. 16-2-00372-7 RSL |
| AHMED HIRSI ABDIRAHMAN | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | |
| | ) | |
| PROSPECT INTERNATIONAL AIRPORT | ) | |
| SERVICES CORPORATION, a foreign | ) | |
| corporation, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

# NOTICE OF CLASS ACTION SETTLEMENT, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEY FEES AND REIMBURSEMENT OF ATTORNEY EXPENSES

### TO THE FOLLOWING "SETTLEMENT CLASS":

All employees of the Defendants who are alleged to have been either Hospitality Workers or Transportation Workers and who worked one or more hours within the City of SeaTac at any time during the time period from January 1, 2014, to February 14, 2016, and who were paid less than the prevailing minimum wage prescribed by City of SeaTac Ordinance 7.45.050, i.e., a base rate of $15.00 per hour in 2014 and $15.24 in 2015 and 2016.

### PLEASE READ THIS NOTICE CAREFULLY.
### A FEDERAL COURT AUTHORIZED THIS NOTICE.
### THIS IS NOT A SOLICITATION.

The Court has preliminarily approved a proposed settlement (the "Settlement") of a class action lawsuit, *Abci et al. v. Prospect International Airport Services Corp..*, Case No. 2:16-cv-00372 (the "Action") brought under the Revised Code of Washington, RCW 49.52 *et seq*. and City of SeaTac Ordinance, Chapter 7.45 *et seq*. The Settlement is with Prospect International Airport Services Corporation and would release the Defendants (the "Defendant") in this Action from any claims arising under any provision of Chap. 7.45 *et seq*. of the City of SeaTac Municipal Code, the Washington Minimum Wage Ordinance, and the Fair Labor Standards Act. This Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in a Stipulation of Settlement (the "Stipulation of Settlement"). Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Stipulation of Settlement.

If the Court issues final approval of the Settlement, Defendants will cause the payment of *One Million Nine Hundred Eighty Thousand U.S. Dollars* ($1,980,000.00) from which the Net Settlement will be allocated to the members of the Settlement Class defined above.

The Court has scheduled a hearing concerning final approval of the Settlement and Class Counsel's motion for attorneys' fees and expenses. That hearing, before the Honorable Robert S. Lasnik, is scheduled on _____, 2016 at _____ __.m. in Courtroom ____ at the United States Courthouse, 700 Stewart Street, Seattle, WA 98101. If approved, the Settlement will bind you as a Member of the Settlement Class. You may appear at this hearing, and/or object to the Settlement. Any objections to the Settlement or the motion for attorney fees and expenses must be served in writing on the Court and the Parties' counsel. More information about the hearing and how to object is explained on pages 13-14 of this Notice.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU NEED NOT APPEAR IN COURT, AND YOU DO NOT NEED TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU DO NOT NEED TO DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

<u>**Your Legal Rights and Options in this Settlement:**</u>

| You Can Do Nothing.<br><br>No Action is Necessary to Receive Payment. | If the Settlement is approved by the Court and you are a Member of the Settlement Class, you will not need to do anything to receive a payment. The Defendants will prepare and distribute to you a check in the amount of your share of the Net Settlement. |
|---|---|
| You Can Object (by _____, 2016). | You can write to the Court if you don't like the Settlement. |
| You can Go to a Hearing (on _____, 2016). | You can ask to speak in Court about the fairness of the Settlement. |

These rights and options – **and the deadlines to exercise them –** are explained in this notice. The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeals.

Further information regarding the litigation and this Notice may be obtained by contacting:

**Class Counsel:**

Duncan C. Turner, WSBA # 20597

19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone:  (206) 621-6566
Facsimile:  (206) 621-9686
Email:  duncanturner@badgleymullins.com


LAW OFFICE OF DANIEL R. WHITMORE
Daniel R. Whitmore, WSBA No. 24012
2626 15th Avenue West, Suite 200
Seattle, WA 98119
Telephone: (206) 329-8400
Facsimile: (206) 329-84001
Email: dan@whitmorelawfirm.com


## WHAT THIS NOTICE CONTAINS

SUMMARY OF CASE ........................................................................................................7

SUMMARY OF SETTLEMENT .......................................................................................7

STATEMENT OF POTENTIAL OUTCOME OF THE ACTION .................................7

STATEMENT OF ATTORNEY FEES & EXPENSES SOUGHT IN THE ACTION ...............................8

STATEMENT REGARDING FEES AND EXPENSES INCURRED BY THE INDEPENDENT
FIDUCIARY ......................................................................................................................8

WHAT WILL THE PLAINTIFFS GET?..........................................................................8

BASIC INFORMATION ...................................................................................................8
    Why did I get this Notice package?.........................................................................8
    What is the lawsuit about?.......................................................................................9
    Why is this case a class action?..............................................................................9
    Why is there a settlement?.......................................................................................9

WHO IS IN THE SETTLEMENT ....................................................................................9
    How do I know whether I am part of the Settlement?............................................10
    Are there exceptions to being included? ...............................................................10

THE SETTLEMENT BENEFITS - WHAT YOU GET ................................................10
    What does the Settlement provide?.......................................................................10

How much will my payment be? ................................................................................. 10-11

How can I get a payment? ............................................................................................. 12

When would I get my payment? ................................................................................... 12

EXCLUDING YOURSELF FROM THE SETTLEMENT .................................................. 12

Can I exclude myself from the Settlement? ................................................................. 12

THE LAWYERS REPRESENTING YOU ........................................................................ 13

Do I have a lawyer in the case? .................................................................................... 13

How will the lawyers be paid? ..................................................................................... 13

OBJECTING TO THE SETTLEMENT OR THE ATTORNEY FEES ............................ 13

How do I tell the Court that I don't like the Settlement? ............................................. 13

THE COURT'S FAIRNESS HEARING ......................................................................... 14

When and where will the Court decide whether to approve the Settlement? ............... 14

Do I have to come to the hearing? ................................................................................ 14

May I speak at the hearing? .......................................................................................... 14

IF YOU DO NOTHING ................................................................................................... 15

What happens if I do nothing at all? ............................................................................. 15

GETTING MORE INFORMATION ................................................................................. 15

Are there more details about the Settlement? ............................................................... 15

How do I get more information? ................................................................................... 15

## SUMMARY OF CASE

As described in more detail below and in the Plaintiffs' First Amended Complaint, this Action concerns allegations that Defendants failed to pay to the Settlement Class the prevailing minimum wage as required by the City of SeaTac Ordinance, Chapter 7.45. The Defendants deny the allegations.

## SUMMARY OF SETTLEMENT

Prospect International Airport Services Corporation will pay *One Million Nine Hundred Eighty Thousand U.S. Dollars* ($1,980,000.00) in settlement of all claims. After payment of attorney fees and expenses, the amount remaining (the "Net Settlement Amount") shall be allocated among Members of the Settlement Class according to a Plan of Allocation to be approved by the Court. The payments to individual members of the Settlement Class will be proportionally based on their respective amounts of unpaid wages. Prospect International Airport Services Corporation has agreed to pay all costs of administration, so these costs will not be borne by the Settlement Class. A third party Administrator, Simpluris, Inc., will distribute funds to the Settlement Class members who choose to remain in the Class, *i.e.*, who do not opt out, by check. Once prepared, the checks if not claimed and negotiated will expire automatically within 180 days. However, any Settlement Class member who fails to claim and/or negotiate their check within the 180 period shall have an additional 90 days to contact the Administrator and obtain a re-issued check. Any funds not claimed after the combined period of 270 days shall revert to Prospect International Airport Services Corporation. This settlement is contingent upon no more than 30 employees opting out of the settlement. If 31 or more employees opt out, Prospect International Airport Services Corporation shall have the have the right to declare the settlement void and to reopen negotiations.

## STATEMENT OF POTENTIAL OUTCOME OF THE ACTION

Class Counsel believes that the claims against Defendants are well-grounded in law and fact, and that the Defendants had a duty to comply with the prevailing SeaTac minimum wage of $15 in 2014 and $15.24 in 2015 and thereafter.  However, as with any litigated case, the Settlement Class would face an uncertain outcome if the Action were to continue against the Defendants in the Action.  Continued litigation of the Action could result in a judgment or verdict greater or less than the recovery under the Stipulation of Settlement, or in no recovery at all.  Class Counsel has also taken into account the availability of insurance.  Additionally, the existing agreement between the employer and the employees preventing class actions would have been costly and time-consuming, and likely would have resulted in many members of the Settlement Class not pursuing their claims.  In evaluating the Settlement, Class Counsel has considered the range of possible recoveries if the claims against the Defendants were adjudicated rather than settled.

Class Counsel believes that this Settlement reflects a reasonable compromise in light of the range of possible outcomes. Class Counsel believes that the Settlement is preferable to continued litigation, and is in the best interests of the Class because the Settlement provides certainty to the Settlement Class with respect to the amount of recovery and should result in the recovery actually being realized substantially prior to the time it would be were the case successfully litigated to a conclusion.

Throughout this litigation, Defendants have denied and continue to deny the claims and contentions alleged by Plaintiffs.  Nevertheless, Defendants have concluded that it is desirable that the Action be fully and finally settled as to them and the other Released Persons on the terms and conditions set forth in the Stipulation of Settlement. The Court has not ruled in favor of either side.  Both sides agreed to the Settlement to insure a resolution and avoid the cost and risk of further litigation.

## STATEMENT OF ATTORNEY FEES AND EXPENSES
## SOUGHT IN THE ACTION

Class Counsel in the Action will submit a fee petition to the Court in which they will ask the Court to award them attorney fees not in excess of 10 % of the amount recovered in the Settlement, plus reimbursement of costs and expenses. Fees and expenses awarded by the Court will be deducted from the Settlement Amount.

## WHAT WILL THE PLAINTIFFS GET?

The Named Plaintiffs will share in the allocation of the money paid to the Plan on the same basis and to the same extent as all other members of the Settlement Class. Additionally, the Plaintiffs will petition for a $2,000 service award for each Class Representative.  However, no Defendants will share in the allocation.

**BASIC INFORMATION**

| Why did I get this Notice package? |
|---|

You have been identified as an individual alleged to be either a Transportation Worker or Hospitality Worker, as defined by the SeaTac minimum wage ordinance who, during the relevant period, was paid an hourly wage rate less than the prevailing minimum. The Court ordered this Notice to be sent to you because, if you fall within that group, you have a right to know about the Settlement and about all of your options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the net amount of the Settlement Fund will be allocated among Members of the Settlement Class according to a Court-approved Plan of Allocation. This Notice package describes the litigation, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of these consolidated cases is the United States District Court for the Western District of Washington. The individuals who sued are called "Plaintiffs," and the people/entities they sued are called "Defendants." The legal action that is the subject of this Notice and the Settlement is known as *Abdi et al. v. Prospect International Airport Services Corporation et al.*, Case No. 2:16-cv-00372 (the "Action").

| What is the lawsuit about? |
|---|

The Action claims that the Defendants were required to pay a minimum wage of $15 per hour in 2014 and of $15.24 in 2015 and part of 2016 to the members of the Settlement Class, but that they failed to do so. In the Second Amended Complaint, Plaintiffs have asserted causes of action for the losses suffered by the Settlement Class as the result of the alleged actions by the Defendants.

All of the Defendants deny they did anything wrong and that the Ordinance was invalid under state and/or federal law.

| Why is this case a class action? |
|---|

In a class action, one or more plaintiffs called "Class Representatives," sue on behalf of a large number of people who have similar claims. All of the individuals on whose behalf the Class Representatives are suing are "Class Members." One court resolves the issues for all Class Members. In its order setting the Fairness Hearing, the Court preliminarily certified the Settlement Class in the Action.

The Class Representatives in the Action are Samatar Abdi and Ahmed Hirsi Abdirahman, who were employees of Prospect International Airport Services Corporation during the Class Period, and are referred to in this Notice as the "Plaintiffs."

| Why is there a settlement? |
|---|

The Court has not reached any final decision in connection with Plaintiffs' claims against Defendants. Instead, Plaintiffs and Defendants have agreed to a Settlement. In

reaching the Settlement, they have avoided the cost, risks, time and disruption of prolonged litigation and trial.

Class Counsel believes that the Settlement is the best option for the Settlement Class Members. The reasons they believe this to be so are described above in the section entitled "Statement of Potential Outcome of the Action."

## WHO IS IN THE SETTLEMENT

To see if any of the proceeds of this Settlement will be paid to you, you first must determine whether you are a member of the Settlement Class.

> How do I know whether I am part of the Settlement?

The Court has conditionally certified that this Settlement shall proceed on behalf of everyone who, subject to certain exceptions identified below, fits the following description:

> All employees of the Defendant who are alleged to have been either Hospitality Workers or Transportation Workers and who worked one or more hours within the City of SeaTac at any time during the time period from January 1, 2014, to February 14, 2016, and who were paid less than the prevailing minimum wage prescribed by City of SeaTac Ordinance 7.45.050, i.e., a base rate of $15.00 per hour in 2014 and $15.24 in 2015 and 2016.

> Are there exceptions to being included?

All employees described above are members of the Settlement Class ("Members of the Settlement Class").

## THE SETTLEMENT BENEFITS - WHAT YOU GET

> What does the Settlement provide?

Upon final approval of the Court, Prospect International Airport Services Corporation shall make available for distribution by the Administrator the sum of *One Million Nine Hundred Eighty Thousand U.S. Dollars* ($1,980,000.00). The net amount, after payment of Court-approved attorney fees and the expenses of providing this Notice, will be made payable by check to members of the Settlement Class according to a Plan of Allocation to be approved by the Court if and when the Court enters an order finally approving the Settlement.

> How much will my payment be?

Plaintiffs have submitted a proposed Plan of Allocation to the Court. If this Plan of Allocation is approved, your share of the Settlement Fund will depend on the number of hours that you worked and the amount(s) you were paid per hour during the Class

Period.   Each Class Member's share of the Net Settlement Fund will be determined according to the following formula:

**Gross Settlement – Attorneys' Fees and Costs – Service Award to Plaintiffs = Net Settlement**

**(For each Class Member) Hours Worked X Minimum Wage – Hours Worked X Actual Rate = Individual Wage Shortfall**

**Individual Class Member's Payment = Individual Wage Shortfall X (Net Settlement/Gross Settlement)**

The Court will be asked to approve a more detailed statement of the Plan of Allocation.

Your share of the Net Settlement Amount may be less than your actual losses, however. **You are not responsible for calculating the amount you may be entitled to receive under the Settlement.** This calculation will be done as part of the implementation of the Settlement.   **Do not worry if you do not have records concerning your Plan account.**   If you are entitled to a share of the Settlement Fund, you will receive a statement from the Plan's record-keeper or Administrator showing the amount of your share. If you have questions regarding the Settlement or the Plan of Allocation, please contact the counsel listed on page 4 of this notice.

---

### How can I get a payment?

---

You do <u>not</u> need to file a claim for recovery.

If you are authorized to receive a payment, a settlement check will be prepared for you and you will be contacted by the Administrator.  Also, see the above provisions for re-issuance of a settlement check if you for any reason fail to receive an initial settlement check.

---

### When would I get my payment?

---

The balance of the Net Settlement Amount will allocated to the Members of the Settlement Class pursuant to the Plan of Allocation, as soon as possible after final approval has been obtained for the Settlement (which includes exhaustion of any appeals).  Any appeal of the final approval may take a year or more.  Please be patient.

### <u>There Will Be No Payments If The Settlement Is Terminated</u>

The Stipulation of Settlement may be terminated on several grounds,  including: (1) if the Court does not approve the Settlement or materially modifies it before such date; (2) if the more than 30 members of the Settlement Class opt out of the settlement; or (3) if the Court's order approving the Settlement is reversed or modified on appeal.  The Stipulation of Settlement describes other conditions in which the Settlement may be

terminated.  In the event any of these conditions occur, there will be no settlement payment made, and the litigation against Defendants will resume.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| Can I exclude myself from the Settlement? |
| --- |

In some class actions, class members have the opportunity to exclude themselves from the Settlement.  This is sometimes referred to as "opting out" of the Settlement.  If you elect to opt out, you should advise the Administrator.

If you do not opt-out of the Settlement, you can object to the Settlement and ask the Court not to approve the Settlement.  See question "How do I tell the Court that I don't like the Settlement?" below.

## THE LAWYERS REPRESENTING YOU

| Do I have a lawyer in the case? |
| --- |

The Court has preliminarily designated Badgley Mullins Turner, PLLC, and the Law Office of Daniel R. Whitmore, both of Seattle, as Class Counsel for the Settlement Class.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| How will the lawyers be paid? |
| --- |

Class Counsel has pursued this action on a contingent basis and will file a motion for the award of attorney fees and expenses. This motion will be considered at the Fairness Hearing.  As previously described, Class Counsel will seek attorney fees not in excess of 10 % of the Settlement Fund, plus reimbursement of costs and expenses.  Fees and expenses awarded by the Court will be deducted from the Settlement Amount.

## OBJECTING TO THE SETTLEMENT OR THE ATTORNEY FEES

You can tell the Court that you do not agree with the Settlement or some part of it.

| How do I tell the Court that I don't like the Settlement? |
| --- |

If you are a Member of the Settlement Class, you can object to the Settlement if you do not like any part of it.  You can give reasons why you think the Court should not approve the Settlement.  The Court will consider your views.  To object, you must send a letter or other written filing saying that you object to the Settlement. Be sure to include the following case caption and notation: "*Abdi et al. v. Prospect International Airport Services Corporation et al.*, Case No. 2:16-cv-00372."  In addition, your objection must also include your name, address, telephone number, signature, and the reasons you object to the Settlement.  **Mail the objection to each of the addresses identified below postmarked no later than _____, 2016.   You must mail your objection by this date.  If you fail to do so, the Court will not consider your objections.**  If you plan

to speak at the Fairness Hearing, you must send a Notice of Intention to Appear along with your objection, as described below.

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| **Clerk of the United States District Court**<br>**700 Stewart Street**<br>**Seattle, WA 98101** | **Badgley Mullins Turner, PLLC**<br>**Attn: Duncan C. Turner**<br>**19929 Ballinger Way, Suite 200**<br>**Seattle, WA 98155** | **Sebris Busto James**<br>**Attn: Jeffrey James**<br>**14205 S.E. 36th Street, Suite 325**<br>**Bellevue, Washington 98006** |

Again, all papers submitted must include the case # 2:16-CV-00372 RSL on the front page.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but it is not necessary.

### When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate. You may attend the Fairness Hearing, and you may ask to speak, but you do not have to attend. The Court will hold the Fairness Hearing at _____ ____.m. on _____, 2016 at _____ __.m. in Courtroom ____ at the United States Courthouse, 700 Steward Street, Seattle, WA 98101. At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the Settlement. The Court will also rule on the motions for attorney fees and expenses.

### Do I have to come to the hearing?

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to voice your objection in person. As long as you mail your written objection on time, the Court will consider it when determining whether to approve the Settlement as fair, reasonable, and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but attendance is not necessary.

### May I speak at the hearing?

If you are a Settlement Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Abdi et al. v. Prospect International Airport Services Corporation et al.*, Case No. 2:16-cv-00372." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, 2016 and be sent to the Clerk of the Court, Class Counsel, and Defendants' counsel at the addresses listed above.

## IF YOU DO NOTHING

| What happens if I do nothing at all? |
|---|

If you do nothing and you are a Settlement Class Member, you will be deemed to have waived individual rights to arbitrate your case individually, and you will participate in the Settlement of the Action as described above in this Notice if the Settlement is approved.

## GETTING MORE INFORMATION

| Are there more details about the Settlement? |
|---|

This Notice summarizes the proposed Settlement.  The complete Settlement is set forth in the Stipulation of Settlement. You may obtain a copy of the Stipulation of Settlement by making a written request to the counsel listed on page 4 above. Copies may also be obtained at http://www.seatacminimumwagelawsuit.com/.

| How do I get more information? |
|---|

You can contact Class Counsel (see counsel listed on page 4), or visit the website at http://www.seatacminimumwagelawsuit.com/for more information regarding the Settlement.   In addition, Class Counsel has also established a phone number to receive your comments and questions: 1-206-621-6574, and may also be contacted via e-mail at: seatacminwage@badgleymullins.com.  If you send an email, you must identify the class that you are a member of.